IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY WOOD,

    Plaintiff,

vs.                                                                                                  No. CIV 13-0923 RB/CG

JOHN C. MILLAR, ROB MILLAR, FRED
MILLAR, RYDER INTEGRATED
LOGISTICS and MICHAEL MCINERNEY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants John C. Millar, Rob Millar, and Fred Millar's Motion for Summary Judgment (Doc. 57). The Court's jurisdiction arises under 28 U.S.C. § 1332. Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court denies the motion.

**I.  Background**

This case arises out of a December 3, 2011 traffic accident involving four tractor-trailer rigs on eastbound Interstate 40 near Santa Rosa in Guadalupe County, New Mexico. (Doc. 1-1). In the Complaint, Plaintiff alleges that he slowed to approximately twenty-five miles per hour as road conditions deteriorated due to a winter storm. (Doc. 1-1 at 3-4). As Plaintiff crested a hill, he observed traffic had come to a halt. (*Id.*) Plaintiff alleges that he came to a complete stop with about thirty-five to forty feet between his vehicle and a tractor-trailer rig driven by non-party Michael Lynch. (*Id.*) Defendant John C. Millar was the driver of the tractor-trailer rig behind

Plaintiff. (*Id.*) Defendant Michael McInerney was the driver of the tractor-trailer rig behind Defendant John C. Millar. (*Id.*) Plaintiff alleges that Defendant John C. Millar and Defendant McInerney "did not slow down to a safe speed for the prevailing weather conditions, and Defendant Millar's vehicle was rear ended by Defendant McInerney's vehicle causing a chain reaction which propelled Defendant Millar's vehicle into Plaintiff's vehicle, which struck the vehicle" in front of Plaintiff. (Doc. 1-1 at 3-4). The following diagram illustrates the relative positions of the trucks after the collision:



On June 14, 2013, Plaintiff filed suit in the Fourth Judicial District Court of the State of New Mexico alleging (1) negligence and negligence per se against Defendant John C. Millar and Defendant McInerney; and, (2) negligence, negligence per se, and joint and several liability against Defendants Rob Millar and Fred Millar and Defendant Ryder Integrated Logistics ("Defendant Ryder"). (Doc. 1-1). Plaintiff seeks monetary damages for personal injury, pain and suffering, mental anguish and distress, medical expenses, loss of enjoyment of life, loss of household services, and property damages. (*Id.*) Plaintiff alleges that Defendants Rob Millar and Fred Millar are vicariously liable for the actions of Defendant John C. Millar and that Defendant Ryder Integrated Logistics is vicariously liable for the actions of Defendant McInerney. (*Id.*)

Plaintiff alleges that he is a Missouri resident, Defendants John C. Millar, Rob Millar, and

Fred Millar are residents of Oklahoma, Defendant McInerney is a resident of Oklahoma, and Defendant Ryder is engaged in the operation of a sizeable interstate commercial trucking business with its principal place of business in Florida. (Doc. 1-1).)

On September 24, 2013, Defendants John C. Millar, Rob Millar, and Fred Millar removed the action to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446. (Doc. 1). Defendant McInerney and Defendant Ryder Integrated Logistics consented to removal. (Docs. 14 & 17). In their Answers, Defendants Ryder Integrated Logistics and Michael McInerney (hereinafter "Ryder Defendants") assert, *inter alia*, comparative fault and plaintiff or third parties caused any injuries or damages. (Docs. 9 & 18). In their Answers, Defendants John C. Millar, Rob Millar and Fred Millar deny wrong doing and assert, *inter alia*, comparative fault and that any injuries or damages were caused by the negligence of plaintiff and/or third parties. (Docs. 12 and 13).

In their Motion for Summary Judgment, Defendants John C. Millar, Rob Millar, and Fred Millar argue that they are entitled to summary judgment because (1) there are no disputed issues of material fact; (2) there is no evidence that John C. Millar was negligent, and, (3) Defendants Rob Millar and Fred Millar are not vicariously liable. (Doc. 57). Defendants Ryder Integrated Logistics and Michael McInerney (hereinafter "Ryder Defendants") oppose the Motion for Summary Judgment. (Doc. 66). Defendants John C. Millar, Rob Millar, and Fred Millar state that Plaintiff does not oppose the Motion for Summary Judgment. (Doc. 57 at 1). Plaintiff did not file a response in opposition to the Motion for Summary Judgment.

**II.      Standard**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). In cases where the moving party will not bear the burden of persuasion at trial, the moving party bears the initial responsibility of identifying an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson*, 477 U.S. at 249.

In considering a summary judgment motion, the Court determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 at 251-52. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255. Notably, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The evidence of the non-movant is to be taken as true, and all justifiable inferences are to be drawn in favor of the non-moving parties. *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

**III.   Statement of Facts**

On summary judgment, the Court must view the facts in a light most favorable to the non-moving parties. *See Taylor*, 713 F.3d at 34. Thus, all reasonable inferences are drawn and factual ambiguities are resolved in favor of the Ryder Defendants and Plaintiff.

The record contains multiple versions of the events leading up to the accident. Plaintiff

testified in his deposition that he was driving his truck eastbound on Interstate 40. (Deposition of Jeffrey Wood, Doc. 57-1). Plaintiff reduced his speed to thirty miles per hour due to snow and icy road conditions.[1] (*Id.*) When Plaintiff observed an unrelated accident at the top of a hill, Plaintiff stopped his tractor-trailer rig with over seventy-five feet between his tractor-trailer rig and the tractor-trailer rig that was stopped in front of him.[2] (*Id.*) A few seconds after he stopped, Plaintiff felt an impact from behind and Plaintiff's tractor-trailer rig slid into the truck in front of him. (*Id.*)

Defendant John C. Millar testified in his deposition that he was driving the Millar tractor-trailer rig eastbound on Interstate 40. (Deposition of John Millar, Doc. 57-2). As he reached the top of a hill, Defendant John C. Millar noticed an unrelated accident and realized he would have to stop. (*Id.*) Defendant John C. Millar slowed his speed, prepared to stop, and saw the Ryder Defendants' tractor-trailer rig in his rear view mirror. (*Id.*) Defendant John C. Millar testified in his deposition that "about the time I got stopped, shortly after I got stopped, I got hit from behind, and then I hit the truck in front of me." (*Id.*) Defendant John C. Millar recalled two impacts; one behind him and one in front of him and "they were really close together." (*Id.*)

In a written statement dated April 18, 2012, Defendant John C. Millar recounted that he "applied his brakes and was just about stopped" when he was rear ended by the Ryder tractor-trailer rig and pushed forward into Plaintiff's tractor-trailer rig. (Doc. 66-5). Defendant John C. Millar stated that at the time of impact Plaintiff's tractor-trailer rig had already struck the tractor-trailer rig in front of Plaintiff. (*Id.*)

Defendant Michael McInerney testified in his deposition that he was driving the Ryder tractor-trailer rig eastbound on Interstate 40. (Deposition of Michael McInerney, Doc. 57-3). The

---

[1] This aspect of Plaintiff's deposition testimony contradicts the Plaintiff's allegation in the Complaint that he slowed to twenty-five miles per hour as road conditions deteriorated. (Doc. 1-1 at 3-4).
[2] This deposition testimony is at odds with Plaintiff's allegation in the Complaint that he came to a complete stop with about thirty-five to forty feet between his vehicle and the tractor-trailer rig in front of him. (Doc. 1-1 at 3-4).

Ryder trailer was empty. (*Id.*) As he came up over a hill at a speed of about forty miles per hour, Defendant McInerney noticed the road was icy and saw passenger cars had spun off the road. (*Id.*) Defendant McInerney downshifted and applied his brakes. (*Id.*) The brakes locked up and the rig started to jackknife. (*Id.*) Defendant McInerney let off the brakes and counter-steered. (*Id.*) Defendant McInerney straightened out the Ryder tractor-trailer rig and hit the back of the Millar tractor-trailer rig. (*Id.*) Defendant McInerney did not know whether the Millar tractor-trailer rig was stopped at the time of impact. (*Id.*)

New Mexico State Police Officer Noe Alvarado did not observe the accident but he was on the scene soon after the incident and interviewed Mr. Lynch, Plaintiff, Mr. Millar, and Mr. McInerney. (Doc. 66-3). Officer Alvarado wrote in the police report that Plaintiff stated he was traveling east on Interstate 40 near mile post 265 when he noticed traffic was at a standstill in front of him. (Doc. 66-3). Plaintiff attempted to engage the braking system but was unable to stop before crashing into the truck in front of him. (*Id.*) Defendant John C. Millar stated he was traveling east when he observed traffic was backing up in front of him. (Doc. 66-3). Defendant John C. Millar attempted to stop but was unsuccessful and he crashed into Plaintiff's truck. (*Id.*) Defendant McInerney stated he was traveling east when he observed traffic was slowing down and starting to come to a complete stop. (Doc. 66-3). Defendant McInerney tried to stop before crashing into Defendant John C. Millar's truck but was unable to do so. (*Id.*) Defendant McInerney crashed into Defendant John C. Millar's truck at a slow speed. (*Id.*) Upon completion of his investigation, Officer Alvarado concluded that Plaintiff, Defendant John C. Millar, and Defendant McInerney were traveling too fast for road conditions. (*Id.*)

**IV.  Discussion**

    **A.  The Ryder Defendants have standing to oppose the motion**

Plaintiff does not oppose the Motion for Summary Judgment filed by Defendants John C. Millar, Rob Millar, and Fred Millar. The Ryder Defendants oppose the Motion for Summary Judgment. No cross-claim was filed. Courts are divided on the question of whether a defendant may oppose a summary judgment motion filed by another defendant in the absence of a cross-claim between the defendants. *See* Wolfson, *Warring Teammates: Standing to Oppose a Coparty's Motion for Summary Judgment*, 60 Drake L. Rev. 561 (2012). Some courts have refused to find standing to oppose codefendants' motions for summary judgment in such scenarios. *See, e.g., Rosenbaum v. Freight, Lime and Sand Hauling, Inc.*, 10-cv-287, 2012 WL 4832248, at *2-3 (N.D. Ind. Oct. 10, 2012) (collecting cases finding no standing); *Hawes v. Blast-Tek, Inc.*, No. 09-365, 2010 WL 2680778, at *2 (D. Minn. July 2, 2010); *Blonder v. Casco Inn Residential Care, Inc.*, 99-274, 2000 WL 761895, at *1 (D. Me. May 4, 2000). Other courts have concluded that defendants may have standing to oppose codefendants' motions for summary judgment if they could be aggrieved by the decision. *Dailey v. J.B. Call & Co.*, No. 04-4114-RDR, 2006 WL 616634, at *1-2 (D. Kan. Mar. 9, 2006); *White v. Sabatino*, 415 F. Supp. 2d 1163, 1172 (D. Haw. 2006); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964 (9th Cir.1981). The Tenth Circuit has not addressed this issue.

In the absence of controlling precedent, the Court finds the reasoning of Judge Richard D. Rogers in the *Dailey* case to be persuasive. *See Dailey*, 2006 WL 616634, at *1-2. The Court agrees with Judge Rodgers that the better rule allows defendants to oppose motions for summary judgment if they could be aggrieved by the outcome of the decision. In this case, the Ryder

Defendants pleaded a defense of apportionment against the other Defendants. Under New Mexico's system of comparative fault, concurrent tortfeasors are severally liable for damages apportioned to each wrongdoer for his share of the total fault. *See* N.M. Stat. Ann. § 41-3A-1. Joint and several liability is applicable only to intentional torts, vicarious liability, products liability, and other situations having a sound basis in public policy. *See id.* If summary judgment were granted in favor of Defendants John C. Millar, Rob Millar, and Fred Millar, the jury would apportion fault according to the percentage fault of each wrongdoer. *See Richter v. Presbyterian Healthcare Servs*, 326 P.3d 50, 65 (N.M. Ct. App. 2014); *Hererra v. Quality Pontiac*, 73 P.3d 181, 193 (N.M. 2003). Because the calculus of comparative fault could be altered if summary judgment were granted, it would be inequitable to find that the Ryder Defendants lack standing to oppose the motion for summary judgment. Accordingly, the Court will consider the arguments of the Ryder Defendants in opposition to the Motion for Summary Judgment.

### B. The contents of the police report may be considered on summary judgment

Defendants John C. Millar, Rob Millar, and Fred Millar object to consideration of the police report on the grounds that it would be inadmissible at trial. Notably, the standard that guides the Court's consideration of evidence at the summary judgment stage of the proceeding is not whether the evidence would be admissible at trial, rather "it is whether it could be presented at trial in an admissible form." *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012) (citing Fed. R. Civ. P. 52(c)(2)); s*ee also Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002) (holding that on a motion for summary judgment, the court can consider evidence that could be admissible at trial).

The Advisory Committee notes to Federal Rule of Evidence 803 recognize that "[p]olice

reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer." *See* Fed. R. Evid. 803, Advisory Committee Cmt. c. Accordingly, it is appropriate to rely on the firsthand observations documented by Officer Alvarado in his police report. *See Walker v. Oklahoma City,* 203 F.3d 837, 2000 WL 135166, at *8 (10th Cir. 2000). Although Officer Alvarado did not observe the accident, he was on the scene soon after it occurred and observed firsthand the positions of the vehicles, the damage to the vehicles, and the condition of the road surface. All of these aspects of Officer Alvarado's report are fair game as they would be admissible at trial as firsthand observations of the officer.

Moreover, the witness statements as recorded by Officer Alvarado may be used for impeachment purposes at trial. Additionally, The witness statements contained in the report may be admissible at trial under a hearsay exception. *See* Fed. R. Evid. 803-804. Notably, multiple layers of hearsay are admissible so long as each level is covered by a hearsay exception. *See* Fed. R. Evid. 805. At this point in the proceedings, however, the record is insufficiently developed to allow a definitive ruling on admissibility of the statements at trial. Thus, Defendants John C. Millar, Rob Millar, and Fred Millar's objections to consideration of the police report are premature. Additionally, in light of the conflicts between the deposition testimony and the written statement of Defendant John C. Millar, discussed in the following section, the Court's resolution of the summary judgment motion is not dependent upon the witness statements contained in Officer Alvarado's police report.

### C.     Disputed issues of material fact preclude summary judgment

Defendants John C. Millar, Rob Millar, and Fred Millar assert that the undisputed evidence establishes that the Millar truck came to a stop without making contact with Plaintiff's truck. This

assertion is at odds with the evidence of record. It bears underscoring that Defendant John C. Millar has given at least three different accounts of the events leading up to the accident. On December 3, 2011, Defendant John C. Millar told Officer Alvarado that he attempted to stop the Millar truck but was unsuccessful and he crashed into Plaintiff's truck. (Doc. 66-3). On April 18, 2012, in a written statement, Defendant John C. Millar recounted that he "applied his brakes and was just about stopped" when he was rear ended by the Ryder tractor-trailer rig and pushed forward into Plaintiff's tractor-trailer rig. (Doc. 66-5). On September 4, 2014, Defendant John C. Millar testified in his deposition that "about the time I got stopped, shortly after I got stopped, I got hit from behind, and then I hit the truck in front of me." (*Id.*) The fact that Plaintiff felt only one impact from behind does not conclusively establish that the Miller truck was stopped before impact. The evidence is conflicting on the issue of whether the Millar truck came to a stop before the collision. The question of whether the Millar truck came to a stop before the collision is an issue of material fact that precludes summary judgment

Assuming *arguendo* that Defendant John C. Millar was stopped before he collided with the back of Plaintiff's truck, he might have failed to maintain a safe distance given the slippery road conditions. Under New Mexico's system of pure comparative fault, the jury will apportion fault among the Defendants by analyzing the complete chain of events that contributed to the accident. *Tafoya v. Rael*, 193 P.3d 551, 556 (N.M. 2008); *Hererra*, 73 P.3d at 193. In light of the differing accounts of the events leading up to the accident, summary judgment would be improper. *See Spencer v. Health Force, Inc.*, 107 P.3d 504, 512 (N.M. 2005). The questions of fact concerning whether the Millar truck was stopped before the collision and the distance between the Millar truck and Plaintiff's truck are material as they might reasonably affect the outcome of the case.

*Anderson*, 477 U.S. at 249. The evidence of record contains issues of material fact that preclude summary judgment. Consequently, Defendants John C. Millar, Rob Millar, and Fred Millar have failed to meet their summary judgment burden.

### D. Vicarious liability

Defendants Rob Millar and Fred Millar argue that they are not vicariously liable because Defendant John C. Miller was not negligent. New Mexico law recognizes a distinction between vicarious liability based on imputed liability and claims based on direct negligence in which an employer is allegedly to blame for its own tortious conduct. An employer is not liable absent negligence on the part of its employee in the vicarious-liability context. *See Valdez v. R–Way, LLC,* 148 N.M. 477, 237 P.3d 1289, 1292 (N.M. Ct. App. 2010) ("[B]ecause Defendant's liability was imputed solely based on the negligent conduct of [its employee], without fault of its own, the release of [the employee] removed the basis on which Defendant's fault was being imputed."). Plaintiff does not allege direct negligence claims against Defendants Rob Millar and Fred Millar. However, if the jury determines that Defendant John C. Millar was negligent, it is possible that Defendants Rob Millar and Fred Millar may be vicariously liable.

### V. Conclusion

The Ryder Defendants have standing to oppose the Motion for Summary Judgment. The contents of the police report may be considered in the summary judgment analysis because the evidence could be admissible at trial. Disputed issues of material fact preclude summary judgment. Defendant John C. Millar might have been traveling too fast and/or he might have failed to maintain a safe distance between the Millar truck and Plaintiff's truck given the treacherous road conditions. In that issues of material fact remain unresolved, summary judgment would be

11

inappropriate. If the jury determines that Defendant John C. Miller was negligent, Defendant Rob Millar and Fred Millar may be vicariously liable.

**THEREFORE**,

**IT IS ORDERED** that Defendants John C. Millar, Rob Millar, and Fred Millar's Motion for Summary Judgment (Doc. 57) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**